UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

VICTORIA BEASLEY,

Plaintiff,

COMPLAINT

vs.

YAS-K VENTURE, INC., d/b/a Stadium Diner, a Florida profit corporation, and JOHN KARABOURNIOTIS, an individual,

Defendants.
_______________________________________/

**COMPLAINT**

COMES NOW Plaintiff VICTORIA BEASLEY ("BEASLEY" or "Plaintiff"), who was an employee of Defendants YAS-K VENTURE, INC., a Florida profit corporation, MACALUSOS, INC., a Florida profit corporation, and JOHN KARABOURNIOTIS, an individual, ("Defendants"), and files this Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and for a declaration of rights.

## I. NATURE OF THE CASE

1. Plaintiff worked for Defendants as a server in their restaurant, Stadium Diner. in North Miami, Florida. Plaintiff was not paid for all hours suffered or permitted by Defendants. In addition, Plaintiff was forced to participate in an invalid tip share with non-tipped employees such as managers and owners, to work an amount of sidework in excess of 20% of her



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

worktime, and to pay for impermissible business expenses. By forcing Plaintiff to work without being paid an hourly wage and to participate in an invalid tip share with non-tipped employees such as manager and owners, to spend an excessive amount of time on sidework, and to pay for impermissible business expenses, Defendants failed to satisfy the requirements of 29 U.S.C. § 203(m) and are required to pay Plaintiff the full minimum and overtime wage for all hours worked.

2. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## II. JURISDICTION AND VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

4. This Court has original jurisdiction over Plaintiff's federal question claims.

## III. PARTIES

5. Plaintiff VICTORIA BEASLEY ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

6. Defendant YAS-K VENTURE, INC. is a Florida profit corporation that does business as the Stadium Diner restaurant.

7. Defendant JOHN KARABOURNIOTIS, an individual and *sui juris*, was the owner and manager of YAS-K VENTURE, INC., d/b/a Stadium Diner, at which Plaintiff worked. KARABOURNIOTIS acted directly and indirectly in the interest of the entity which owns

and operates Stadium Diner. KARABOURNIOTIS managed the entity which owns and operates Stadium Diner and had the power to direct employees' actions. KARABOURNIOTIS had management responsibilities, a degree of control over the entity's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees of YAS-K VENTURE, INC., d/b/a Stadium Diner in accordance with the FLSA, making Defendant JOHN KARABOURNIOTIS an employer pursuant to 29 USC § 203(d).

## IV. COVERAGE

8. During all material times, Defendant YAS-K VENTURE, INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the Act, in that said the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.
9. During all material times, Defendants employed Plaintiff as an employee who was engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 207.
10. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).
11. During all material times, the enterprise had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## V. FACTUAL ALLEGATIONS

12. Defendants operate a restaurant known as Stadium Diner, located at 19904 N.W. 2nd Avenue, North Miami, Miami-Dade County, Florida.

13. Plaintiff was employed as a server by Defendants beginning in June, 2014, approximately, to the present, a period of approximately 126 weeks, and worked an average of 30 hours per week, including overtime hours.

14. During the Relevant Time Period, the applicable Florida minimum wage was $7.93 per hour in 2014 and $8.05 per hour in 2015 and 2016.

15. During the Relevant Time Period, the applicable Florida minimum overtime wage was $11.895 per overtime hour in 2014 and $12.075 per overtime hour in 2015 and 2016.

16. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

17. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

18. In the instant case, Plaintiff was not paid an hourly wage for all hours worked.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

19. In addition, Plaintiff was required to participate in an invalid tip pool with non-tipped employees, specifically managers and owners, in an illegal tip-sharing scheme in violation of the Act.

20. In addition, tips were withheld from Plaintiff.

21. In addition, Plaintiff was forced to work an excessive amount of worktime on non-tip-producing sidework, in excess of the 20% maximum.

22. In addition, Plaintiff was forced to pay for impermissible business expenses.

23. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and must therefore pay Plaintiff the full minimum and overtime wage for each regular and overtime hour worked.

24. Because of the nonpayment of wages and institution and maintenance of the illegal tip-sharing scheme and tip credit violations during the Relevant Time Period, Defendants willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage under the FLSA.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE IN**
**VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq***

26. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

27. Defendants suffered or permitted Plaintiff to work without paying her an hourly wage for all hours worked.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

28. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme with non-tipped employees.

29. Defendants willfully and intentionally forced Plaintiff to work an impermissible amount of hours performing sidework.

30. Defendants willfully and intentionally forced Plaintiff to pay for impermissible business expenses.

31. By suffering or permitting Plaintiff to work without paying her an hourly wage, by forcing Plaintiff to participate in an invalid tip share with non-tipped employees, by requiring Plaintiff to work an excessive amount of time performing sidework, and by forcing Plaintiff to pay for impermissible business expenses, Defendants have violated the FLSA and cannot claim the tip credit and therefore owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

32. As a direct and proximate result of these violations, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff VICTORIA BEASLEY demands judgment in her favor and against Defendants as follows:

a) Award to Plaintiff for payment of all hours worked up to forty per week at the full minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all regular hours at the full minimum wage, owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

33. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

34. Defendants suffered or permitted Plaintiff to work without paying her an hourly wage for all overtime hours worked.

35. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-pooling scheme with non-tipped employees.

36. Defendants willfully and intentionally forced Plaintiff to work an impermissible amount of hours performing sidework.

37. Defendants willfully and intentionally forced Plaintiff to pay for impermissible business expenses.

38. By suffering or permitting Plaintiff to work without paying her an overtime hourly wage, by forcing Plaintiff to participate in an invalid tip pool with non-tipped employees, by requiring Plaintiff to work an excessive amount of time performing sidework, and by forcing Plaintiff to pay for impermissible business expenses, Defendants have violated the FLSA and cannot claim the tip credit and therefore owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a week.

39. As a direct and proximate result of these violations, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff VICTORIA BEASLEY demands judgment in her favor and against Defendants as follows:



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

e) Award to Plaintiff for payment of all hours worked in excess of forty per week at the full overtime wage;

f) Award to Plaintiff liquidated damages equal to the payment of all overtime hours at the full overtime wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

g) Award to Plaintiff rreasonable attorneys' fees and costs; and

a) Award such other and further relief as this Court may deem just and proper.

**COUNT III**
**DECLARATION OF RIGHTS**

40. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein, and further alleges as follows:

41. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

42. Defendants did not rely on a good faith defense in forcing Plaintiff to share tips with non-tipped employees, pay for impermissible business expenses, or to work for less than the statutory minimum and overtime wage rate under the FLSA.

43. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

44. The entry of a declaration of the rights would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

WHEREFORE, Plaintiff VICTORIA BEASLEY demands judgment in her favor and against Defendants, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 1st day of December, 2016.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@ kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **December 1, 2016**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.